UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-332-F

| | |
|---|---|
| GLENDA'S TREASURES AND PAWN, INC. | |
| Plaintiff | |
| vs. | **ANSWER** |
| NORTHLAND INSURANCE COMPANY | |
| Defendant. | |

Defendant Northland Insurance Company ("Northland"), through the undersigned

counsel, responds to the allegations contained in Plaintiff's Complaint as follows:

**PLAINTIFF'S FIRST CAUSE OF ACTION**

1.      The allegations contained in Paragraph 1 are admitted.

2.      It is admitted that Northland is a corporation organized and existing by virtue of

the laws of the State of Connecticut.

3.      It is admitted that Defendant is engaged in the insurance business and that

Defendant is duly authorized to engage in the insurance business in the State of North Carolina.

Except as expressly admitted, the allegations contained in Paragraph 3 are denied.

4.      It is admitted that the Plaintiff owns and operates a pawn broker business doing

business as Glenda's Treasures and Pawn, Inc. at 1713 N. Garnett Street in Henderson, Vance

County, North Carolina ("Glenda's Treasures"); that, on or about February 1, 2012, the Plaintiff

renewed insurance policy #NC 105973 (the "Policy") from Northland; and that the policy speaks

1

for itself.  A true and accurate copy of the Policy is attached hereto as Exhibit A.  Except as expressly admitted, the allegations contained in Paragraph 4 are denied.

5.      It is admitted only that the Policy speaks for itself.  Except as expressly admitted, the allegations contained in Paragraph 5 are denied.

6.      The allegations contained in Paragraph 6 are admitted.

7.      It is admitted that, on or about March 26, 2012, Glenda's Treasures was broken into and that the occurrence was captured on a surveillance camera.  The remaining allegations contained in Paragraph 7 are denied for lack of sufficient knowledge or information on which to form a belief as to their truth or falsity.

8.      The allegations contained in Paragraph 8 are admitted.

9.      The allegations contained in Paragraph 9 are admitted.

10.     It is admitted that Plaintiff eventually filed a proof of loss form as required by the Policy and that Plaintiff made a demand upon Northland for payment under the policy.  Except as expressly admitted, the allegations contained in Paragraph 10 are denied.

11.     The allegations in Paragraph 11 are denied.

**PLAINTIFF'S SECOND CAUSE OF ACTION**

12.     Northland incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

13.     The allegations contained in Paragraph 13, including all subparagraphs thereof, are denied.

14.     The allegations contained in Paragraph 14 are denied.

15.     The allegations contained in Paragraph 15 are denied.

2

## THIRD CAUSE OF ACTION

16.    Northland incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

17.    The allegations contained in Paragraph 17 are admitted.

18.    It is admitted that Northland's issuance of the Policy and adjustment of Plaintiff's insurance claim occurred in commerce.  Except as expressly admitted, the allegations contained in Paragraph 18 are denied.

19.    The allegations contained in Paragraph 19 are denied.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, in whole or in part, fails to state any plausible claim against Northland on which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE
### (Policy Coverages, Exclusions, Terms, and Conditions)

Plaintiff's claims are barred, in whole or in part, by the coverages, exclusions, terms, and conditions in the Policy, including, but not limited to the policy's coinsurance provisions, and the following:

1. Concealment, Misrepresentation or Fraud
This Coverage Form is void in any case of fraud, intentional concealment or misrepresentation of a material fact, by you or any other insured, at any time, concerning:
   a.    This Coverage Form;
   b.    The Covered Property;
   c.    Your interest in the Covered Property; or
   d.    A claim under this Coverage Form.

11. Warranty
   a.    Protective Safeguards
      You must maintain the protective safeguards stated by you in the application to be in effect at a location when this coverage began and indicated on the declarations.

3

If you fail to keep the protective safeguards stated by you in the Application for Insurance and shown in the declarations:

(1)    in working condition at the location; and

(2)    in operation when you are closed for business coverage for theft to which the protective safeguards apply is automatically suspended at that location. This suspension will last until the equipment or services are back in operation.

b. Property Storage

You must store "Pledged" and "Unpledged" "Inventory" - Firearms and Jewelry while the business is closed as you stated in the Application for Insurance and as shown in the Declarations.

If you fail to do so, we will not pay the full amount of any "loss" by theft of any Firearms or Jewelry, if the "Pledged" and "Unpledged" "Inventory" - Firearms and Jewelry are not stored as stated in the Application for Insurance.

Instead we will determine the most we will pay using the following steps:

(1)    Divide the actual percentage of "Pledged" and "Unpledged" Inventory" - Firearms and Jewelry in all safes at the time of the "loss" by the percentage stated in the Application for Insurance.

(2)    Multiply the amount of the "loss" by the figure determined in step (1).

(3)    Subtract the deductible from the figure determined in step (2).

We will pay the amount determined in step (3) or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the "loss" yourself.

Plaintiff violated these conditions in numerous respects, including: (1) misrepresenting where and how its Pledged and Unpledged Inventory was stored; (2) failing to properly store Pledged and Unpledged Firearms and Jewelry in the required safe as shown in the Policy's Declarations and on Plaintiff's renewal insurance application; (3) misrepresenting the Actual Cash Value of the insured property at the time of the loss in the Proof of Loss; and (4) misrepresenting the 12-month gross sales receipts in the Renewal insurance Application.

4

## THIRD AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

Under the terms of the Policy, compliance with Policy terms is a condition precedent to bringing suit against Northland. Plaintiff has failed to comply with the Policy's terms, as described above, and thus has not fulfilled the necessary preconditions to filing this action.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims, in whole or in part, are barred by Plaintiffs' failure to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Material Misrepresentations)

Plaintiff's claims are barred, in whole or in part, by material misrepresentations on Plaintiff's renewal insurance application, including misrepresentations concerning the storage of pledged and unpledged jewelry and firearms and Plaintiff's gross sales.


WHEREFORE, Northland prays the Court grant the following relief:

1.      That Plaintiff have and recover nothing of Northland;

2.      That the costs of this action, including a reasonable attorney's fee pursuant to N.C. Gen. Stat. § 75-16.1, be taxed against the Plaintiff; and

3.      For such other and further relief as this Court deems just and proper.

This the 8th day of July, 2014.


5

/s/ Jane H. Morgan
James A. Dean
N.C. Bar No. 39623
Jane H. Morgan
N.C. Bar No. 46091
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC  27101
Phone: (336) 721-3600
Fax: (336) 721-3660
Email: jdean@wcsr.com
Email:  jhmorgan@wcsr.com

*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on July 8, 2014, a copy of the foregoing **DEFENDANT'S ANSWER** was filed electronically with the Clerk of Court using the CM/ECF system.

It is further certified that on July 8, 2014, a copy of the foregoing **DEFENDANT'S ANSWER** was served by United States Mail, addressed as follows:

ADDRESSEE:

Paul J. Stainback
Stainback, Satterwhite & Zollicoffer, PLLC
P. O. Box 1820
Henderson, NC 27536

*Attorney for Plaintiff*

/s/ Jane H. Morgan
Jane H. Morgan
N.C. State Bar No. 46091
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
Email: jhmorgan@wcsr.com

*Attorney for Defendant*

7