IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-332-F

GLENDA'S TREASURES AND PAWN, )
INC. )
                               )
          Plaintiff, )
                               )           **O R D E R**
       v. )
                               )
NORTHLAND INSURANCE COMPANY, )
                               )
          Defendant. )

This matter is before the court on the Motion to Dismiss filed by Defendant Northland

Insurance Company. Plaintiff, who is represented by counsel, has failed to file a response to the

motion. For the reasons stated below, the Motion is ALLOWED, and Plaintiff's Second and

Third Causes of Action, along with Plaintiff's prayer for punitive and/or treble damages, are

DISMISSED.

Plaintiff initiated this action by filing the Complaint [DE-1-3] in the North Carolina

General Court of Justice, Superior Court Division, Vance County, alleging three causes of

action: (1) breach of contract of an insurance policy; (2) bad faith refusal to settle; and (3) unfair

and deceptive trade practices. Plaintiff's second cause of action includes a request for punitive

damages. Plaintiff's claims arise out of Defendant's alleged refusal to pay Plaintiff sums owed

under an insurance policy issued by Defendant. Defendant has moved to dismiss Plaintiff's

Second and Third Causes of Action, along with any prayer for punitive and/or treble damages,

arguing that Plaintiff's claim for unfair and deceptive trade practices must be dismissed because

Plaintiff has failed to allege facts showing that Defendant committed any unfair or deceptive act.

Defendant also argues that Plaintiff's bad faith refusal to settle claim must be dismissed because

Plaintiff failed to allege that Defendant ever recognized Plaintiff's insurance claim as valid, and because Plaintiff failed to allege facts giving rise to the plausible inference that Defendant engaged in aggravating or outrageous conduct.

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 555 (2007)). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 129 S.Ct. at 1949-50. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008)(quotations omitted).

The court has reviewed Defendant's unopposed motion to dismiss, and agrees that Plaintiff's Second and Third Causes of Action, alleging claims for bad faith refusal to settle and unfair and deceptive trade practices, respectively, must be dismissed for failure to state a claim. *See Currie v. Phoenix Ins. Co.*, 3:13-CV-00366-MOC, 2014 WL 320373, at *9 (W.D.N.C. Jan. 29, 2014) (explaining that allegations of "a covered loss, timely notification to the insurer, submission of necessary documentation, and a wrongful denial[,]" coupled with allegations that the defendant "ignored pertinent information and failed to conduct a reasonable investigation"

were insufficient to state a claim for bad faith or unfair and deceptive trade practices); *Clear Creek Landing Home Owners' Ass'n, Inc. v. Travelers Indem. Co. of Connecticut*, No. 1:12cv157, 2012 WL 6641901, at *3 (W.D.N.C. Dec. 20, 2012) (dismissing a claim for bad faith settlement where "the Complaint fails to allege that Defendant ever recognized the claim for replacement of roofs as valid, as required to state a claim under North Carolina law"); *U.S. Aviation Underwriters, Inc. v. Bill Davis Racing, Inc.*, No. 1:11-CV-141, 2012 WL 3656416, at *6 (M.D.N.C. Aug. 24, 2012), *report and recommendation adopted*, 1:11CV141, 2012 WL 3990711 (M.D.N.C. Sept. 11, 2012) (finding that allegations that the insurance company "'failed to deal fairly and in good faith with the [insured] in the settlement of' [the insured's] claim and that [the insurance company] 'did not attempt in good faith to effectuate prompt, fair and equitable settlement" of the claim insufficient to state a claim for bad faith refusal to settle because the insured did not provide sufficient factual detail). With the dismissal of these claims, Plaintiff's breach of contract claim is only one remaining in this action, making dismissal of Plaintiff's request for punitive damages appropriate. *See Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 111, 229 S.E.2d 297, 301 (1976) ("North Carolina follows the general rule that punitive or exemplary damages are not allowed for breach of contract, with the exception of breach of contract to marry.").

Accordingly, Defendant's Motion to Dismiss [DE-13] is ALLOWED. Plaintiff's Second and Third Causes of Action, along with Plaintiff's prayer for punitive and/or treble damages, are DISMISSED.

SO ORDERED. This the 14 day of April, 2015.

*James C. Fox*

James C. Fox
Senior United States District Judge